NAME **John F. Kendrick, II**

PRISON NUMBER **K-58737**

CURRENT ADDRESS OR PLACE OF CONFINEMENT **K.V.S.P (B-3, Cell #112) P.O. Box 5102**

CITY, STATE, ZIP CODE **Delano, Ca. 93216**

**FILED**

MAR 1 7 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

| 2254 ✓ | 1983 |
|---|---|
| FILING FEE PAID | |
| Yes | No ✓ |
| IFP MOTION FILED | |
| Yes | No ✓ |
| COPIES SENT TO | |
| Court ✓ | ProSe |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**John Findley Kendrick, II,**
(FULL NAME OF PETITIONER)
                                    **PETITIONER**

v.

**A. Hedgepeth,**
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                                    **RESPONDENT**
and

**Bill Lockyer,**
The Attorney General of the State of
California, Additional Respondent.

Civil No. **'08 CV 0492 BTM NLS**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   **San Deego Superior Court Of California**

2. Date of judgment of conviction: **10-19-1997**

3. Trial court case number of the judgment of conviction being challenged: **SCD123570**

4. Length of sentence: **27 years, 8 months**

CIV 68 (Rev. Dec. 1998)                                    K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: 7-17-97 / 10-23-22

6. Offense(s) for which you were convicted or pleaded guilty (all counts): P.C § 211 (x4)
   P.C § 236/237 (x4)     P.C § 12022.5 (x7)

7. What was your plea? (CHECK ONE)
   (a) Not guilty      ☑ Counts. 1-6
   (b) Guilty          ☑ Count. 7
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury       ☑
   (b) Judge only ☐

9. Did you testify at the trial?
   ☑ Yes ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Judgement Affirmed
    (b) Date of result, case number and citation, if known: 4-19-99
        D029034
    (c) Grounds raised on direct appeal: Miranda Violation
        Joinder Of Counts Error
        Confession Should Have Been Suppressed

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: "Denied"
    (b) Date of result, case number and citation, if known: S082381

    (c) Grounds raised: Petitioner's Sentence Enhancement Was Illegal And UnConstitutional Under State And Federal Law.

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result, case number and citation, if known: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: _____

    (b) Nature of proceeding: WRIT OF HABEAS (X3)

    (c) Grounds raised: ILLEGAL ENHANCEMENT OF SENTENCE
    #2) DUE PROCESS VIOLATION, ILLEGAL ACCEPTING OF PLEA, IAC ON
    APPELLATE COUNSEL & TRIAL COUNSEL
    #3.) DUE PROCESS VIOLATION, ACTUAL INNOCENCE, INVOLUNTARY PLEA, IAC ON
    TRIAL & APPELLATE COUNSEL, SENTENCING ERROR.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☑ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☑ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number: D050668

   (b) Nature of proceeding: WRIT OF HABEAS PETITION

   (c) Grounds raised: DUE PROCESS VIOLATION, ACTUAL INNOCENCE, INVOLUNTARY PLEA, IAC ON TRIAL AND APPELLATE COUNSEL SENTENCING ERROR.

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☑ No

   (e) Result: _____

   (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
   ☑ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number: #1) S082381, (#2) S158459, (#3) S155819

   (b) Nature of proceeding: WRIT OF HABEAS PETITION

   (c) Grounds raised: ILLEGAL ENHANCEMENT OF SENTENCE DUE PROCESS VIOLATION, ILLEGAL ACCEPTING OF PLEA, IAC APPELLATE COUNSEL DUE PROCESS VIOLATION, ACTUAL INNOCENCE, INVOLUNTARY PLEA, IAC ON TRIAL & APPELLATE COUNSEL, SENTENCING ERROR.

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☑ No

   (e) Result: _____

   (f) Date of result: _____

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☐ Yes ☑ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? UNITED STATES DISTRICT COURT
        (i) What was the prior case number? 01 - CV 00303 K (CGA)
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☑ Dismissed for procedural reasons?
        (iii) Date of decision: 4-25-02
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☑ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☑ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

    (a) **GROUND ONE**: _____ See Attached Ground Pg. 2-4_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND ONE in the California Supreme Court?**
☑ Yes ☐ No.

(b) **GROUND TWO**: _____ See Attached Ground Pg. 4 - 8...

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise <u>GROUND TWO</u> in the California Supreme Court?
☑ Yes ☐ No.

(c) **GROUND THREE**: _See Attached Ground Pg. 8-10_

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☑ Yes ☐ No.

CIV 68 (Rev. Dec. 1998)                -8-                K:\COMMON\FORMS\CIV-68.

**(d) GROUND FOUR:** _See Attached Ground Pg. 10-12_

_Also See Grounds Five & Six._

**Supporting FACTS** (state _briefly_ without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☑ Yes ☐ No.    _Ground #5 & #6 As Well._

CIV 68 (Rev. Dec. 1998)                -9-                K:\COMMON\FORMS\CIV-68.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☑ Yes  ☐ No

24. If your answer to #23 is "Yes," give the following information:
   (a) Name of Court: United States Court Of Appeal For The 9ᵀᴴ Circuit.
   (b) Case Number: 08 - 70899
   (c) Date action filed: ~~_____~~ March, 3ᴿᴰ, 08
   (d) Nature of proceeding: Petition To File Second Or Successive Petition.
   (e) Grounds raised: Grounds One Thru Six Herein.
   _____
   _____
   _____
   _____

   (f) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☑ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing: Jack Boltax
   _____
   (b) At arraignment and plea: Jack Boltax
   _____
   (c) At trial: David Ira Berman
   _____
   (d) At sentencing: David Ira Berman
   _____
   (e) On appeal: JoAnne Roake
   (f) In any post-conviction proceeding: N/A
   _____
   (g) On appeal from any adverse ruling in a post-conviction proceeding: N/A
   _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☑ Yes   ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes   ☑ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____
    _____

    (b) Give date and length of the future sentence: _____
    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes   ☑ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
    _____ March, 11ᵀᴴ, 2008 _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
                    SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_March, 11ᵀᴴ, 08_            _____
        (DATE)                    SIGNATURE OF PETITIONER

## Statement Of The Case, Procedural History.

Petitioner Was Charged In A "7" Count Information With Four Counts Of Robbery And Three Counts Of False Imprisonment By Violence. (Pen Code §§ 211, 236, 237)

On June, 19th, 1997 A Jury In Case SCD123570 Convicted Petitioner Of "3" Counts Of Armed Robbery And "3" Counts Of False Imprisonment. Petitioner Then Pled Guilty To Count Seven And Admitted By Way Of Change Of Plea Form One Strike Prior And One Serious Felony Prior. Arising From A 1992 Conviction For Attempted Robbery In Case CR134452.

On July, 17th, 1997 The Court Sentenced Petitioner To A Total Term Of 27 years, 8 months. Petitioner Timely Appealed And On 4-19-99 The Fourth District Court Of Appeal Affirmed In An Unpublished Opinion.

On September, 8th, 1999 Petitioner Filed His First Habeas Petition With The California Supreme Court That Was Denied On October, 5th, 1999.

On February, 22nd, 2001 Petitioner Filed A Habeas Petition In The U.S. District Court Southern Division. On April, 25th, 2002 The Petition Was Dismissed For Being Untimely. Petitioner Then Received His Transcripts On Appeal In 2003 And Filed A Second Habeas Petition On August, 5th, 2005 That Was Denied On 9-16-05. Petitioner Then Filed With The Cal. Supreme On 10-31-05 And Was Denied On 8-16-06.

Page 1 (A)

1   PETITIONER THEN FILED A PETITION FOR LEAVE TO FILE
2   A SECOND OR SUCCESSIVE PETITION IN THE U.S. COURT OF
3   APPEALS FOR THE NINTH CIRCUIT. THIS WAS DENIED ON
4   12-06-06.
5       ON JANUARY, 5RD, 2007 PETITIONER FILED AN AMENDED
6   HABEAS PETITION THAT WAS DENIED ON 2-26-07.
7   PETITIONER THEN APPEALED TO THE APPELLATE 4TH DISTRICT
8   COURT ON APRIL, 3RD, 2007 AND THE PETITION WAS DENIED
9   ON JULY, 19TH, 2007. PETITIONER THEN PURSUED THE APPEAL
10  IN THE SUPREME COURT OF CALIFORNIA ON AUG, 13TH, 2007
11  THAT WAS DENIED ON JANUARY, 30TH, 2008.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAGE. 1(B)

## GROUNDS FOR RELIEF

### GROUND ONE:

The Trial Court Erred In Count 7 By Denying Petitioner His Constitutional Right To Due Process In The Plea On That Count And By Violating Higher Court Rulings And State Penal Law Concerning The Acceptance & Recording Of The Plea.

### SUPPORTING FACTS

On June, 19th, 1997 Immediately Following A Jury's Guilty Verdicts On Counts 1 Thru 6, The Trial Court Judge Held A Dicussion With The District Attorney And Petitioner's Trial Counsel Concerning Sentencing Ranges On Count 7 Were Petitioner To Plead To That Charge/Count. (R.T. Pg. 802-805). The Trial Court Judge Made Mention Of The Courts Power To Strike Petitioner's Prior (Petitioner Had A Bifurcated Hearing Pending On His One Prior That Petitioner Chose To Have A Court Trial On ..... See R.T. Pg. 789-805.) And Asked Petitioner Did He Understand The Discussion? Petitioner's Trial Counsel Interjected And Responded To The Courts Question Posed To Petitioner By Stating "Your Honor I'm Sure My Client Has A Number Of Questions Which I Would Like To Discuss With Him ....." (See R.T. Pg. 805) The Trial Court Judge Concurred Petitioner Would Have Questions And Granted A Recess. During This Recess Petitioner's Trial Counsel Conferenced With The District Attorney After Which He Told Petitioner The D.A. Wanted Consecutive Sentencing On Count 7 And Agreed To Strike The Prior For A Plea Of Guilty On The Count. Petitioner Told His Trial Counsel He Was Innocent As To Count 7

PAPER
F CALIFORNIA
3 (REV. 3-95)
10024

1. And That There Was No Evidence That Would Support A Guilty Verdict.
2. Petitioner's Trial Counsel Stated That The Guilty Verdicts On
3. Counts 1 thru 6 Would Cause The Court To Frown Upon Another Trial
4. And If Found Guilty On Count 7 Petitioner Would Be Facing A
5. Third Strike And Life In Prison, And That Petitioner Would Be
6. Crazy Not To Accept The Plea And Striking Of The Prior.
7. Petitioner Relented After This Intentional Lie As To A Third
8. Strike And The Promise The Prior Would Be Stricken, Not Knowing
9. I Had A Right To Trial Or Other Due Process Rights And That The
10. Plea Stipulated I Was Admitting My Prior As A Strike.
11.     Petitioner's Trial Counsel Provided A Change Of Plea Form
12. For Petitioner To Sign Explained Nothing To Petitioner And
13. After Numerous Initialings And Signing Of The Form Petitioner
14. Was Removed From The Court And Placed Back In The County Jail.
15. There Was No Further Proceedings Of Any Kind. The Trial Court
16. Did Not Resume To Explain To Petitioner His Rights And Consequences
17. Of The Plea As To Count 7  If It Had Petitioner Would Have
18. Known The Plea Was Not As Trial Counsel Said And Would Have
19. Gone To Trial With New Counsel On That Count. Furthermore,
20. The Court Itself Must 'Specifically And Expressly' Enumerate
21. Each Of Petitioner's Rights With Regard To A Guilty Plea, 'Employ
22. The Time Necessary To Explain Adequately These Rights And To
23. Obtain Express Waiver Of The Rights Involved Prior To Acceptance Of
24. A Plea Of Guilt, And Ensure That An Adequate Record Be Available
25. For Review (In Re Tahl, Supra, 1 Cal 3d 122, Id At P. 132, 81 Cal.
26. Rptr. At P. 584, 460 P.2d At P. 456) Also, A Judges Signature
27. Below Pre Printed Findings On A Waiver Form, And Check Marks

Page 3

1  Indicating Waiver's Of Constitutional Rights On A Docket
2  Sheet Are Meaningless In The Face Of Evidence That Discloses
3  No Support For These Findings As In The Instant Case (See R.T. Pg. 805)
4  Just As A Reporter's Transcripts Will Generally Prevail Over The
5  Clerk's Transcripts When The Two Are In Conflict. (People V. Smith
6  (1983) 33. Cal. 3d 596, 599, 189 Cal. Rptr. 862, 659 P.2d 1152),
7  And If A Written Waiver And Plea Form Are Used In A Guilty
8  Plea The Court Must Obtain An Oral Acknowledgement From Def-
9  endant That He Or She Has Read And Understood The Form And Wishes
10 To Plead Guilty (In Re Moss (1985) Cal. 3d 913, 221 Cal. Rptr. 645)
11 Also, Every Aspect Of A Negotiated Plea/Settlement Approved By The
12 Court Should Be Put On Record. This Procedure Protects The Court, Defen-
13 dant, Defense Attorney & Prosecutor. (People V. Cardoza (1984) 161 Cal. 3d
14 40, 207 Cal. Rptr. 888).

15

16

17                   Grounds For Relief

18 Ground Two:
19

20    If Not For Constitutional And State Law Violations Petition-
21 Er Would Not Have Pled To Count. 7 And No Reasonable Fact Finder
22 Would Have Found Petitioner Guilty On The Count Pursuant To And
23 In Accordance With The Law. Const. Art. XIV; P.C.§1192.5; 28 U.S.C. 2244 (b)
   (2)(B)(ii)
24                   Supporting Facts
25    Had The Trial Court Held Proceedings On The Count. 7 Plea And
26 Admonished Petitioner Of His Constitutional Rights And Likely
27 Consequences By Making The Plea, And Made An Inquiry As To

1  The Knowing, Intelligent And Voluntariness Of The Plea And
2  What Had Been Stipulated In Exchange For The Plea Petitioner
3  Would Have Been Aware Of The Wrong Doing On Part Of Trial Coun-
4  Sel And Went To Trial On The Count After Dismissing Trial Coun-
5  Sel For Ineffective And Criminal Representation. However, The
6  Constitutional And State Law Violations On The Part Of The Trial Court
7  And Trial Counsel Caused Petitioner To Suffer The Conviction By Plea
8  Illegally (R.T. Pg. 805) And The Conviction Must Be Reversed.
9      Furthermore, No Reasonable Fact Finder Would Have Found
10  Petitioner Guilty On Count. 7 Based On The Following:
11      #1:
12  The Alleged Victim Mr. Vernon Harp During Preliminary Direct Ex-
13  Amination Testified That A Young Black Male Approached Him With A
14  Gun While He Was Going To The Bank To Make A Deposit And Was At
15  The Bank Door. Mr. Harp Testified He Got Scared And Threw The
16  Bag Containing The Money And His Keys On The Ground And Stepped
17  Back. He Testified That The Man Was Wearing A "Red" Or "Plaid
18  Red" Or "Checkered Red" Shirt Or Pullover. Mr. Harp Testified That
19  The Man's Face Was Not Covered And The Individual Said "Calm Down,
20  Man" And Grabbed The Bank Bag And Keys From The Ground Where Mr. Harp
21  Had Thrown Them And Left. Mr. Harp Testified He'd Thrown The Keys
22  And Bag On The Ground Of His Own Free Well. Mr. Harp Was Shown
23  Photographs Later In The Day And Was Unable To Identify Anyone
24  In The Photographic Line Up He Was Shown. (R.T. Pg. 43 – 47)
25  During Cross Examination Mr. Harp Testified That When The Black
26  Male Appeared He Didn't Tell Him To Let Him Have The Bag In His
27  Hand And He Didn't Point The Gun At Him, He Was Just Holding It.

1   He Never Said Give Me The Money Or I'll Shoot You. The <u>Only</u> Thing
2   The Black Male Said Was "Calm Down, Man", And By This Point Mr.
3   Harp Had Already Thrown The Bag Containing The Money On The Ground
4   Along With The Keys And Was Starting To Back Away As ~~If~~ If He Was
5   Going To Run. (R.T. Pg. 47-48).

6       #2:

7   There Were Four Witness To The Incident Including The Alleged
8   Victim And All But One Concur And Testified The Black Male Wore
9   A Flannel/Plaid Type Shirt And "Red" Was The Primary Color (R.T. Pg. 44-
10  56, 85.) The Third Of The Four Witnesses Mr. David Kemerer Testified
11  That Petitioner Was The "Negro He Saw Running Down The Street"(R.T.
12  Pg. 62) And Also Was The Only One To Testify The Negro He Saw Run-
13  ning Down The Street Wore A <u>"Medium To Light Gray Pullover"</u> But
14  The Shirt Was A <u>"Solid"</u> Color Light Or Medium Gray And <u>"Not"</u>
15  Plaid/Flannel Or "Red" For Sure (R.T. Pg. 75). Mr. Kemerer Testified
16  The "Negro He Saw Running Was Headed In The "Same Direction" He
17  Was Headed When He First Saw Him And Only Got A View Of The
18  Person's Face In His Rear View Mirror And Was Driving At The Time
19  And Had To Pay Attention To The Road So Only Looked For Less Than A
20  Minute. (R.T. Pg. 61-71) The Clothing Description, Height And
21  Weight Of The Negro Male Mr. Kemerer Testified He Saw Running
22  Completely Contrast And Do Not Support That Of The Alleged Victim
23  Or The Other Two Witness, And A Identification Via A Rear View
24  Mirror Is Questionable At Best.

25      #3:

26  There Was Insufficient Evidence To Support A Robbery Charge And
27  Find Petitioner Guilty On Count. 7 Because Insofar As

1   The Identification By Mr. Kemerer There Is No Corralation
2   To The Time That Vernon Harp Claims He Was Robbed And The Time Mr.
3   Kemerer Claims To Have Seen Petitioner. The Individual Mr. Kemerer
4   Testified He Saw Running Had No Keys Or Gun In His Hand And Wore
5   A Light To Medium Gray Pullover Whereas The Other Three Witnesses
6   Are Collectively Adamant To The Shirt Being "Red" In Their Identif-
7   Action Of The Person They Saw. Additionally, A Robbery Requires The
8   Taking Of The Property Of Another By The Use Of Force Of Fear & Threat
9   (Penal Code Section § 211). Vernon Harp Testified That The Alleged Per-
10   Petrator Of The Incident Did Nothing To Threaten Him In Order To
11   Obtain The Property. There Was No Force Used Or Threat Made. Mr. Harp
12   Testified He Threw A Bag Containing Money Down On The Ground
13   Of His Own Free Will And Out Of An Unsubstantieated Fear And
14   With No Threat Or Force. And As A Matter Of Law The Conduct Which
15   Resulted In The Charge Does Not Constitute Robbery Within The Mean-
16   Ing Of Penal Code Section § 211, Nor Does The Evidence Beyond A Reason-
17   Able Doubt Make Petitioner Culpable And No Reasonable Fact Finder
18   Would And/Or Could Have Found Petitioner Guilty On Count. 7 Pursuant
19   To The Law, And Petitioner Would Not Have Pled Guilty Had It Not
20   Been For Constitutional And State Law Violations.
21     Moreover, Pursuant To Penal Code Section § 1192.7 (a): " Plea Bargain-
22   Ing In Any Case In Which The Indictment Or Information Charges Any
23   Serious Felony, Any Felony In Which It Is Alleged That A Firearm Was
24   Personally Used By The Defendant Or Any Offense Of Driving . . . . . . . .
25   Is Prohibited Unless There Is Insufficient Evidence To Prove The
26   People's Case, Or Testimony Of A Material Witness Cannot Be Obtained
27   . . . . . . . "

1   If The People Could Have Proven Their Case In Count 7 They Would
2   Have Proceeded As They Did In Counts 1 thru 6. However, As A Matter
3   Of Law The Conduct Alleged Which Resulted In The Count 7 Charge
4   Does Not Constitute Robbery In Accordance With And Pursuant To
5   Penal Code Section 8211 And Thus The People Were Permitted Where Other-
6   wise Prohibited To Arrange A Plea Due To The Insufficient Evidence
7   Pursuant To Penal Code Section 1192.7 (a) Petitioner Was Innocent
8
9               Grounds For Relief
10
11  Ground Three:
12
13      Petitioner Could Not Have Made A Knowing, Intelligent
    And Voluntary Plea And Waiver Of Rights In Count 7
14
15              Supporting Facts
16
17  After The Verdicts On Counts 1 thru 6 The Discussion That
18  Ensued Between The Judge, D.A. And Trial Counsel Regarding
19  Sentencing Ranges For A Guilty Plea On Count 7 (R.T. Pg. 802-805)
20  Confused Petitioner, And The Trial Courts Mentioning Of Strik-
21  ing A Strike Caused Petitioner To Believe It Would So Having
22  Agreed To The Terms The Petitioner's Trial Counsel Told Him The
23  District Attorney Had Stipulated In The Plea During Recess.
24  The Absence Of Any Admonishments Or Explanation Of Rights
25  Afforded Petitioner By The Trial Court And Defense Counsel
26  And The Trial Courts Failure To Hold Proceedings And Estab-
27  lish A Record After The Signing And Acceptance Of The Change
28  Of Plea Is A Gross Violation Of Petitioner's Rights

                    P. - 2

1  And The Conviction Must Be Reversed. Boykin-Tahl, 14 Cal. Rptr.
2  2d 577; Harris V. Kincholl, 784 F. 2d 1434 (9TH Cir. 86); Strickland V.
3  Washington, 466 U.S. 688; Rouriquez V. Ricketts, 777 F. 2d 527
4  (9TH Cir. 85); Reed V. Ross, 104 S. Ct. 2901; Murray V. Carrier, 106. S. Ct.
5  2639 (1986)

6     Furthermore, "[W]aivers Of Constitutional Rights Must, Of
7  Course, Be 'Knowing, Intelligent Acts Done With Sufficient
8  Awareness Of The Relevant Circumstances And Likely Consequences'.
9  People V. Mroczko (1985) 35 Cal. 3d 86, 110, 197 Cal. Rptr. 52, 672
10  P. 2d 835.   In The Instant Case Petitioner Was Not Given Suff-
11  Icient Awareness Of The "Relevant Circumstances" In That Petitioners
12  Change Of Plea Form At Number (13) Of The Form States: " I Now Plead
13  Guilty To The Charge(s) Described In #1. Above And Admit That On
14  The Date Charged I: (Describe Facts As To Each Charge In #1.):
15  People V. West — Stipulate To Preliminary Examination Transcript.
16     Petitioner's FACTS Of The Charges To Which He Was Pleading
17  To Could Not Have Been Sufficiently Known To Him Due To The
18  People V. West Citation And Constitutional & State Law Violations
19  By The Trial Court And Defense Counsel Where On The Change Of
20  Plea Form The "Facts And Thereby Relevant Circumstances" Of The
21  Charge(s) Were To Be Explained / Described To Petitioner
22  Before And / Or During The Acceptance Of The Plea But Were Not
23  Thus Making The Acts Of Pleading Guilty Done Without Suffic-
24  Ient Awareness Of Relevant Circumstances And Likely Consequences
25  As Required By Law. Also, A Reviewing Court Cannot Simply
26  Presume Such Waivers From A Silent Record, Carnley V. Cochran
27  (1962) 369 U.S. 506, 515-516; 82 S. Ct. 884, 889-890 8 L. Ed. 2d. 70.

Page 9

1  In Re Johnson (1945) 62 Cal. 2d 325, 334, 42 Cal. Rptr. 228, 398

2  P. 2d 420.

3      Apart From The PrePrinted Form In The Docket, There Is Nothing

4  Further To Demonstrate That Petitioner Knew The Rights He'd Waived

5  And Had Sufficient Awareness Of The Relevant Circumstances Of

6  The Charges Petitioner Was Pleading To, And Therefore Petitioner

7  Was Prejudiced By The Trial Court's Failure To Advise Him Of Both.

8  In Re Ronald E. (1977) 19 Cal. 3d 315, 321, 137 Cal. Rptr. 781, 562

9  P. 2d 684.

10      Moreover, The Plea Was Not Harmless When Petitioner Admitted

11  Priors At The Time Petitioner Was Told He Was Pleading Guilty

12  To A Specific Count. Had The Judge Made Such Admonishments And

13  Inquiry On The Record As To Petitioner's Understanding Of His Rights

14  And Consequences Of The Plea etc. Petitioner Would Not Have Pled Guilty

15  Seeing That The Prior Exposed Petitioner To A Substantially Harsher

16  Sentence And The Evidence, Or Better Yet Lack Thereof Was Insuff-

17  icient To Charge Petitioner. People V. McMillion (1992) 2 Ca

18  4th 1363, 1370, 3 Cal. Rptr. 2d 821.

19

20           Grounds For Relief

21  Ground Four:

22

23      InEffective Assistance Of Trial Counsel In Count. 7

24

25           Supporting Facts

26  Trial Counsel Was Woefully InAdequate, InEffective And

27  Exceeded Harmless Error When He Told Petitioner The State Had

T PAPER
OF CALIFORNIA
13 (REV. 3-95)

1  Agreed To Striking Petitioner's Prior Under Romero In Exchange
2  For The Guilty Plea And Consecutive Sentencing Knowing This
3  Was Not True. Trial Counsel Was Ineffective By Allowing A
4  Plea Of Guilt To Be Entered Without Having Proceedings
5  On The Matter And Establishing A Record For Review And
6  Petitioner's Constitutional Rights. And, If Not For Trial
7  Counsel's Errors Petitioner Would Have Gone To Trial On Count
8  7. And Not Pled Guilty (R.T. Pg. 805)
9      Also, Since Inquery Undertaken By The Trial Court Was
10 Blocked By Petitioner's Defense Counsel's Intejection Of
11 The Court's Questioning (R.T. Pg. 805) The Court Was Then
12 Prevented From Ascertaining Whether Defendant Fully Under-
13 Stood The Nature And Probable Serious Consequences Of The Guilty
14 Plea And Rights Waived And This Furthered The Ineffective &
15 Inadequate Representation By Counsel And Petitioner's
16 Conniction On Count. 7 Must Be Reversed. People V. Mroczko
17 (1983) 35 Cal. 3d 86, 110, 197 Cal. Rptr. 52, 672 P.2d 835.
18 Chacon V. Wood, 36 F.3d 1459, 1467-68 (9th Cir. 1994); Banks
19 V. Reynolds, 34 F.3d 1508 (10th Cir. 1995); U.S. V. Cook, 45 F.3d
20 388, 394-95 (10th Cir. 1995); People V. Pope, 23 Cal. 3d.;
21 People V. Ledesma (Case Cite Omitted); Hill V. Lockhart, 106
22 S. Ct. 366 (1985); U.S. V. Cronic, 466 U.S. 648, 104 S. Ct.
23 2039, 80 L. Ed. 2d 657 (1984); Strickland V. Washington, 466
24 U.S. 668, 685, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 657 (1984).
25
26
27

Page - 11

## Grounds For Relief

### Ground Five:

In Effective Assistance Of Appellate Counsel And Factual Predicate For The Claim Could Not Have Been Discovered Previously Through The Excercise Of Due Diligence, And Due Diligence On Part Of Petitioner.

### Supporting Facts

Petitioner's Appellate Counsel Failed To Raise A Colorable Claim(s) And Severely Prejudiced Petitioner And Petitioner's Appeal Because Upon Review Of The Trial Transcripts Appellate Counsel Knew It Was Silent Of All Established Procedures, Rules Of The Court And Constitutional Law Regarding Count. 7. Petitioner Asked Appellate Counsel About The Count. 7 Plea And Was Told Everything Surrounding It Was Legal And Any Attack Thereto Would Be Meritless.

Petitioner Did Not Have The Transcripts On The Matter And Therefore Believed His "Appointed" Counsel. Petitioner Had Not Represented Himself At Trial Or On Appeal, And In Both Cases Counsel Was "Appointed" By The State And All Legal Representation Was Done By This "Appointed" And Supposedly Qualified And Adequate Counsel. For "3" Years Petitioner Was An Observer Of The Legal Mechanics Of His Trial And

1  Appeal. Petitioner Was Not Consulted About Issues Of
2  Defense On Appeal Or Educated By Counsel As To The Law
3  But Rather Poorly Defended Against It Or By It By "Appointed"
4  Counsel. The Factual Predicate For The Claims Herein
5  Could Not Have Been Discovered Previously Through Due
6  Diligence Because Previously Petitioner Was Represented
7  By State Appointed Counsel And The Need To Be Assiduous In
8  Pursuing The Instant Claims Would Imply Knowledge Of
9  Error.
10     Petitioner Had No Knowledge Of Or Reason To Suspect
11  Any Deceit, Errors And Violations Of Laws And/Or Rights
12  Until Conclusion Of The Direct Appeal And Receiving The
13  Trial Transcripts In The Year "2003" Approximately 4½
14  Years After Appellate Counsel's Representation Of Petit-
15  ioner Had Ended. If Petitioner Did Not Have The Trans-
16  cripts Previous To The Year Of 2003 Which Contained The
17  Instant Claims And Constitutional Violations And Was
18  Told By "Appointed" Counsel That All Legal And Meritorious
19  Claims Had Been Raised, How Could Petitioner Have Looked
20  For The "Factual" Predicate For The Instant Claims With
21  Any Assiduity?
22     It Was The Excessive InEffectiveness Of Appellate
23  Counsel Which Severely Hendered Petitioner's Appeal
24  And Diligence Thereto Because Had Counsel Not Only Been
25  Adequate & Effective In Her Representation But Also Had
26  Released To Petitioner "In A Timely Manner" All Pertinent
27  Case Materials Related To Petitioner's Trial On Appeal

Page. 13

1  HAVING WITHIN THEM THE "FACTUAL" PREDICATE FOR THE
2  INSTANT CLAIMS THEN PETITIONER WOULD HAVE PREVIOUSLY
3  RAISED THEM. HOWEVER, THE INSTANT CLAIMS COULD NOT HAVE
4  BEEN DISCOVERED PREVIOUSLY THROUGH DUE DILIGENCE AND
5  BASED ON THIS AND THE INEFFECTIVENESS OF APPELLATE
6  COUNSEL PETITIONER'S CONVICTION ON COUNT 7 MUST BE
7  REVERSED.  U.S. V. COOK, 45 F.3d. 388, 394-95 (10TH CIR. 1995);
8  PEOPLE V. POPE, 23 CAL.3d.; BANKS V. REYNOLDS, 84 F.3d. 1508
9  (10TH CIR. 1995); STRICKLAND V. WASHINGTON, 466 U.S. 668, 685,
10 104 S.CT. 2052, 2063, 80 L.Ed.2d 467 (1984); HILL V. LOCKHART,
11 106 S.CT. 366 (1985); 28 U.S.C § 2244 (b)(2)(B)(i); SCOTT V. PLIER,
12 2001 WL 1006824, AT *3 (N.D. CAL. AUG. 17. 2001);
13 HEBNER V. MCGRATH, 2001 WL 764474, AT *2-3 (N.D. CAL. JUNE
14 22. 2001) (CITING BEELER, 128 F.3d. AT 1288).
15
16
17
18
19
20
21
22
23
24
25
26
27

Ground 6: UnConstitutional And Illegal Enhancement Of Petitione[r]
Sentence Via Count 7 And Penal Code Section § 667. And
Penal Code § 1170.1(a)

1  Ground 6                        GROUNDS FOR RELIEF

2       The constitutional application of the California "Three

3  Strikes" law to pre-1994 offenses, violates both federal

4  and state prohibitions against ex post facto laws, which

5  denied petitioner his due process rights under the fourteenth

6  amendment of the United States Constitution.

7       A. Supporting Facts:

8  Petitioner was convicted of California Penal Code (hereinafter

9  P.C.) 211(x4)/236,237(x3)            by jury trial.  The state

10 used One  pre-1994 felony convictions to sentence petitioner

11 under California three strikes law, which became law in

12 1994.  The petitioner is not alleging the California three

13 strikes law is unconstitutional, but petitioner is alleging

14 the state violated both federal and state constitutions,

15 and laws prohibiting ex post facto legislation in using

16 pre-1994 convictions to enforce the three strikes law upon

17 petitioner.

18      Before this honorable court can give ruling on this

19 allegation, it has to determine the true legal terminology

20 of the following:

21      1) "Every law that aggravates a crime or makes it greater

22 than it was when committed" is an ex post facto law;

23      2) "Every law that changes the punishment, and inflicts

24 greater punishment than the law annexed to the crime, when

25 committed" is an ex post facto law;

26      3) "Every law that alters the legal rules of evidence,

27 and receives less or different testimony, than the law

28 required at the time of the commission of the offense, in

1    order to convict the offender" is an ex post facto law;

2        4)"Lack of fair notice" of a "legislative enactment,

3    after the fact, to the disadvantage of the accused" that

4    invokes the protection of the ex post facto prohibition;

5        5) Changing a "determinant" that affects "a prisoner's

6    eligibility for reduced imprisonment is a significant factor

7    entering into both the defendants" decision to plea bargain

8    and the judges calculation of sentence to be imposed

9    implicates the ex post facto clause;

10        6) Since punishment may only be imposed for criminal

11   acts, by specifying punishment for the aspect of an offense

12   which constitutes being a "previous conviction," the legislature

13   has recognized that aspect of an offense;

14        7) The seriousness of that aspect was originally defined

15   by one degree of punishment, and then redefined by a greater

16   degree of punishment, thereby aggravating that aspect of

17   the offense, and the punishment of it, after the fact;

18        8) Since the prior conviction is evidence in the

19   sentencing of a current offense, and sentencing is part

20   of the conviction process, the rule of evidence has been

21   changed on that punishment aspect in order to obtain

22   conviction of it;

23        9) The mandatory statutory language, at the time of

24   the prior offenses, created a liberty interest in not being

25   at greater risk of imprisonment than originally specified.

26   Increasing that terms constitutes a fourteenth amendment

27   due process violation.

28   ///

1    B. SUPPORTING CASES, RULES, or OTHER AUTHORITY:

2         A. Ex post facto violations:

3         1. Petitioner is NOT alleging that the California three

4    strikes law is an ex post facto violation by way of increasing

5    the term of imprisonment of a prior felony conviction.

6    Petitioner is alleging that the three strikes law:

7         a) "Aggravates a crime, or makes it greater than it

8    was when committed," by determining that the aspect of a

9    prior crime, which constitutes being a previous conviction,

10   is more serious and requires greater punishment;

11        b) "Changes the punishment, and inflicts greater punishment

12   [to that aspect of the prior felony which is punishable

13   for being a prior felony conviction], than the law annexed

14   to the crime when committed"; and

15        c) "Alters the legal rules of evidence and receives

16   less, or different testimony than the law required at the

17   time of the commission of the offenses, in order to convict

18   the offender.

19        2. "It is the intent of legislature in enacting subdivision

20   (b) to (i) inclusive, to ensure longer prison sentences

21   and greater punishment of those who commit a felony and

22   have been previously convicted of serious and/or violent

23   felony convictions/offenses" (CPC 667 (b)).

24        3. Prior to the passage of the three strikes law, in

25   addition to the term of imprisonment for an offense, the

26   penal code mandated additional terms of imprisonment for

27   the specified felonies, to be imposed for the aspect of

28   being a previously convicted" offense.

1      4. The three strikes law (CPC §667 subdv. (b) through

2  (i)) provides that if a defendant has one prior serious

3  or violent felony, the proscribed sentence is "twice the

4  term otherwise provided as punishment of the current felony

5  conviction." And if the defendant has two or more prior

6  qualifying felonies, the proscribed sentence is "an

7  indeterminate term of life imprisonment..." The additional

8  terms for previous felony convictions were between two and

9  five years prior to the enactment of the three strikes law.

10 Petitioner alleges that this violates the proscription against

11 ex post facto laws by aggravating the seriousness of, and

12 inflicting greater punishment, than the annexed to that

13 punishment aspect of the offense which constitutes being

14 a previous conviction.

15      5. The weight of the prior conviction, as evidence

16 in the sentencing for the conviction is also being increased.

17 Whereas the evidence of the prior conviction mandated an

18 additional punishment of two to five years before the three

19 strikes law, the same evidence is now mandating an additional

20 punishment of either double the sentence or life imprisonment.

21 This increases the defendant's culpability for having a

22 prior offense after it was already determined to be a

23 culpability requiring only an additional prison term of

24 two to five years at the time of the commission.

25      6. "As we recognized in Weaver,... the retroactive

26 application of provisions that govern initial sentencing,

27 implicates the ex post facto clause because such [application

28 is] on determinant of petitioners prison term...and...

1   [the petitioner's] effective sentence is altered once the

2   determinant is changed." IBID. We explained in Weaver that

3   [the alteration] of such provisions can constitute an increase

4   in punishment, because a 'prisoner's eligibility for reduced

5   imprisonment' is a significant factor entering into both

6   the defendants decision to plea bargain and the judges

7   calculation of the sentence imposed." IBID. (Lynce v. Mathis,

8   117 S.Ct. 891 (1997), citing Weaver v. Graham, 450 U.S.

9   24, 320, 101 S.Ct. 960, 966, 67 L.Ed. 2d 17 (1981)) (emphasis

10  added).

11      7. Since the defendant cannot undo a prior conviction,

12  or withdraw an associated plea agreement, there can be no

13  fair notice in regards to the retrospective application

14  of the new three strikes law.  It aggravate the prior offense

15  punishable previous conviction aspect, increases its associated

16  punishment and its weight as evidence, in the sentencing

17  of a subsequent conviction. "[T]he lack of fair notice and

18  governmental restraint when the legislature increases

19  punishment beyond that which was prescribed when the crime

20  was committed," implicates, "the central concerns of ex

21  post facto clause." (Lynce, at 896 citing Weaver at 30).

22      8. If the legislature had determined that the three

23  strikes law was appealable prospectively, leaving all pre-

24  1994 prior offense with their original two to five year

25  enhancement attributes, the question of fair notice would

26  not come into play.  But when applied retrospectively, so

27  that even a misdemeanor can result in life imprisonment,

28  the defendant is disadvantaged by a change in the law for

1  something which he has not power to undo.  If the state

2  can arbitrarily change the liability for the fact of a past

3  act to life imprisonment, then it can just as arbitrarily

4  increase it to a death penalty.  Since the defendant cannot

5  redetermine his decision to enter into a plea agreement,

6  and the judge cannot redetermine the sentence calculation

7  imposed, for prior offenses, the defendant is disadvantaged

8  by the retrospective aspect of the three strikes law.

9       9. In the analysis of what would constitute an ex post

10  facto law, justice Chase (Calder, supra at 390-391) list

11  the four categories, and the states: "All these, and similar

12  laws, are manifestly unjust and oppressive.  In my opinion,

13  the true distinction between ex post facto laws, and

14  retrospective laws..." every law that takes away, or impairs,

15  rights vested, agreeably to existing laws is retrospective

16  and is generally unjust and may be oppressive; and it is

17  good general rule, that a law should have no retrospect;

18  but there are cases in which laws may justly, and for the

19  benefit of the community, and also of individuals, relate

20  to a time antecedent to the commencement; as statutes of

21  oblivion, or of pardon."  "I also rely greatly on definition,

22  or explanation of ex post facto laws has given by the

23  conventions of Massachusetts, Maryland, and North Carolina...

24  [such as] retrospective laws punishing facts committed before

25  the existence of such laws, and by then only declare a criminal

26  or oppressive..."  In the declaration of rights by the

27  convention of Delaware.... the same definition is clearly

28  intended.  But inaccurately expressed by saying 'laws

1  punishing offenses (<u>instead of action, or facts</u>) committed

2  before the existence of such laws, or oppressive, etc."

3  (emphasis added).

4       10. It is the <u>fact</u> of the previous conviction, as it

5  relates to the subsequent conviction, upon which the punishment

6  specified by the three strikes law rests.  Without the

7  existence of that fact, the law, and its mandated increase

8  in punishment is not invoked.

9       11. The constitutional prohibition and the judicial

10  interpretation of it rests upon the notion that laws, whatever

11  their form, which purport to make innocent acts criminal

12  after the event, or to aggravate an offense are harsh and

13  oppressive, and that <u>the criminal quality attributable to</u>

14  <u>an act, either by legal definition of the offense or by</u>

15  <u>the nature or amount of punishment for its commissio, should</u>

16  <u>not be altered by legislative enactment, to the disadvantaged</u>

17  <u>of the accused.</u>" (<u>Lynce</u>, supra at 895, citing <u>Beazell v.</u>

18  <u>Ohio</u> 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925)) (emphasis

19  added).

20       12. While the specific punishment attaches to the current

21  offense, and thus would not be an ex post facto violation,

22  it is the increase in the punishment over what was originally

23  specified to the additional punishment, for bring a previous

24  conviction that is an ex post facto violation.  The punishable

25  aspect of the previous conviction for being a prior offense.

26       13. Legislative intent in enacting P.C. 667 was to

27  ensure longer sentences for recidivist offenders while remaining

28  in harmony with U.S. Constitution Art. VI cl. 2, Art. 1

1  § 9. cl.3, Art. 1 § 10 cl. 1, California Constitution Art.

2  1 § 9. The provisions govern Civil Code § 3, Probate Code

3  §3, Code of Civil Procedure §3, Penal Code §3 and Evidence

4  Code §12 expressly construe all statutes and laws prospectively.

5  Penal Code 667 is inapplicable to petitioner in that

6  the legislature in recognizing possible repugnant to or

7  inconsistent with the constitution of the United States,

8  or the constitution or laws of this state, embodied the

9  saving clause in 667(i) which states:

10       "If any provision of subdivisions
11       (b) to (h) inclusive, or the
         application thereof to any person
12       or circumstance is held invalid,
         that invalidity shall not affect
13       other provisions or applications of
         those subdivisions which can be
14       given effect without the invalid
         provision or application, and to
         this end the provisions of those
15       subdivisions are severable."

16  Statutory law is "invalid" to "person or circumstances"

17  when applied retrospectively, thereby violating petitioner

18  accrued rights as secured by Code of Civil Procedure §8

19  and the aforementioned constitutions, laws and provisions.

20  Legislation embodiment of subdivision (i) amounts to or

21  the equivalent of a saving clause. People v. Gill, (1957)

22  7 C. 356. This is evident in Penal Code §6, in pertinent

23  part states:

24       "No act or omission, commenced... is
25       criminal or punishable, except as
         prescribed or authorized by this
         code.
26       ...Any act or omission commenced
         prior to that time may be inquired
27       of, prosecuted, and punished in the
         same manner as if this code had not
28       been passed."

1 Legislature recognized provisions governing retroactive

2 prohibition on penal statues as provided in U.S. Const.

3 Art 1 sec. 9 cl.3, Art 1 sec. 10 cl., Cal. Const. Art 1 sec. 9 and

4 penal law specifically penal code sec. 3 which states:

5                          sec. 3 prospective effect

6                  "Not retroactive. No part of it is

7                  retroactive, unless expressly so declared."

8 Similar provisions, see civil code sec. 3; code of civil procedure

9 sec. 3

10 The mandatory language of penal code sec. 3 use of the

11 determinant words "NOT" and "NO" creates a due process inquiry

12 based on ex post facto analyisis that govern the prohibition of

13 such laws and/or application of law in such fashion resulting in

14 similar effect.

15        b) sec. 667 subdivision (d) to (i) states in pertnent part:

16 that:

17                  "The determination of whether a

18                  prior conviction is a prior felony

19                  conviction for purposes of subdivision

20                  (b) to (i) inclusive, shall be made upon

21                  the date of that prior."

22 Legislature recognizes possible conflict with ex post facto

23 and/or due process violation (which is part of analysis under

24 fair notice doctrine, Bouie v. City of Columbia, 378 U.S. 347, 84 S.

25 ct. 1697(1964).) in that meaning of "shall be made upon the date

26 of "that" prior conviction." is clear needing no judicial

27 interpretation, inconjunction with existing laws constitutions

28 governing ex post facto prohibition, 667 implicitly implies

29 legislature intent for prosective application.

1    Penal Code 667 as aforementioned is in harmony with all

2    laws, codes, provisions and both federal and state constitutions

3    when used prospectively as is the legislative intent by

4    embodying subdividsion (i) recognizing that application

5    is not generally applicable to every "person" and "circumstance,"

6    acknowledging possible unconstitutional and/or illegal

7    application undermining whole law and legislative intent.

8        14. Use of explicit and mandatory language, in the

9    Penal Code has created a liberty interest for petitioner

10    in enhancement of only two to five years for pre-1994

11    previous conviction.  The three strike law has increased

12    those terms, constituting arbitrary and oppressive action

13    by the state.

14        15. It is well established that mandatory statutory

15    language creates a liberty interest.  "Stated simply,

16    a state creates a protected liberty interest by replacing

17    substantive limitation on official discretion." (Kentucky

18    Dept. of Correction V. Thompson, 490 U.S. 454, 456, 109

19    S.Ct. 1904, 1909, 104 L.Ed. 2d 506 (1989), citing Olim

20    v. Wakingkona, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747,

21    75 L.Ed. 2d 813 (1983), and associated decisions: Board

22    of Pardons v. Allen 482 U.S. 396, 107, S.Ct. 2415, 96

23    L.Ed. 2d 303 (1987), Greenholz v. Nebraska Penal Inmates,

24    442 U.S. 1, 99 S.Ct. 2100, Wolff v. McDonnell, 418 U.S.

25    539, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974) Vitek v. Jones,

26    445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed. 2d 552 (1980).

27    Hewett v. Helms, 459, U.S. 460, 103 S.Ct. 864, 74 L.Ed.

28    2d 675 (1983)).

16. When the state established terms of two to five years as additional punishment to be imposed when the defense is to be considered as a previous conviction for enhancement purposes as a limitation for future punishment "is a significant factor entering into both the defendant decision to plea bargain and judges sentencing calculation to be imposed." (Lynce, supra at 898)

17. The presumption against retrospective application of new law is an essential thread in the mantle of protection that the law affords to every citizen "that presumption is deeply rooted in our juris pruden, and embodies a legal doctrine centuries older than our republic." Landgraf v. Film Products, 511 U.S. 244, 265, 114 S.Ct. 1483, 1497, 128 L.Ed. 2d 299 (1994). This doctrine finds expression in several provisions of our constitution.

18. The ex post facto clause flatly prohibits retroactive of penal legislation. Article 1, §10 cl. 1 prohibits states from passing another type of retroactive legislation, laws imparing the obligations of contracts. The prohibition of bills of attainers in article 1 §9-10 prohibits from singling out disfavored persons and meting out summary punish- ment for past conduct. See e.g. United States v. Brown 381 U.S. 437, 456-462, 85 S.Ct. 1707, 1718-1722, 14 L.Ed. 2d 484 (1965). The due process clause also protects the interest in fair notice and repose but may be comprised by retroactive legislation. Landgraf v. USI Film Products 511 U.S. at 266, 114 S.Ct. at 1497 (footnote omitted). (Emphasis added).

1      19. The specific prohibition on ex post facto laws

2  is only one aspect of the broader constitutional protection

3  against arbitrary change in the law.  In both the civil

4  and criminal context, the constitution places limits on

5  the sovereign's ability to use its law-making power to modify

6  bargains it has made with its subjects.  <u>The basic protection</u>

7  <u>is not only one which protects the rich and powerful,</u>

8  <u>United States v. Winstar Corp,</u> 518 U.S. ____, 116 S.Ct.

9  2432 135 L.Ed. 2d 964 (1966), <u>but also the indigent defendant</u>

10  <u>engaged in negotiations that may lead to an acknowledgment</u>

11  <u>of guilt and a suitable punishment.</u>  (Lynce, supra at 895)

12  (Emphasis added).

13      20. As justice chase stated: There are certain vital

14  principles and our free republican governments, which will

15  determine and overrule an apparent and flagrant abuse of

16  legislative power; as to authorize manifest injustice by

17  positive law; or to take away the security for personal

18  liberty, or private property, for the protection wherefor

19  the government was established rules of conduct for all

20  its citizens <u>in future cases</u>; they may command what is right,

21  and prohibit what is wrong; but they cannot <u>violate the</u>

22  <u>rights of an antecedent private contract</u>...(Calder, supra

23  388)

24      21. The due process clause of the fourteenth amendment

25  was intended to prevent government from abusing [its] power,

26  or employing it as an instrument of oppression; <u>Davidson</u>

27  <u>v. Canyon</u>, 474 U.S. 344, 348, 106 S.Ct. 668, 670, 88 L.Ed.

28  2d 677 (1986); also see <u>Daniels v. Williams</u>, 474 U.S. 327

1   331 106 S.Ct. 662, 665, 88 L.Ed. 2D 662 (1986) ("to secure the individual from

2   arbitrary exercise of powers of government and to prevent governmental power

3   from being used for purposes of oppression") (internal citation omitted);

4   Parratt v. Taylor, 451 U.S. 527, 549, 101 S.Ct. 1908, 1919, 108 L.Ed. 2d 420

5   (1981) (Powell, J. concurring in result) (To prevent the 'affirmative abuse of

6   power'). Deshaney v. Winnebago County Dss, 489 U.S. 189, 196, 109 S.Ct. 998,

7   1003, 103 L.Ed 2d 249 (1989).

8       22.  As previously discussed state violated the prohibition against ex

9   post facto law as applied to petitioner by: 1) "Aggravating" or making it [cr-

10  ime] greater than it was when committed. Petitioner took a plea bargain in 1992

11  for attempted robbery (P.C. 664/211) without the use of a weapon. The expressed

12  punishment within the plea, and at the time of accepting said plea was NOLT

13  and that petitioner would receive 5years in prison for any new offense as a

14  serious felony prior pursuant to P.C. 667.

15      23.  The application of new penalty enhancement to prior conviction viol-

16  ates prohibition against ex post facto laws, by increasing penalties after the

17  fact.

18  However, where the legislature amends a criminal statute to lessen the punish-

19  ment for a criminal offense, and there is no savings clause. The amendment oper-

20  ates retroactively so that the lighter punishment is imposed in any case not yet

21  final. In re Estrada (1965) 63 cal. 2d 740,744; People v. Figueroa (1993) 20

22  cal. App. 4th. 65,69-70. This rule of retroactivity is equally applicable to

23  statutes concerning penalty enhancement. Tapiz v. Superior court (1991) 53 cal.

24  3d 282,301; Figueroa,supra at 69-71. Petitioner asserts violation of both Fed-

25  eral and State ex post facto law by increasing enhancement (opposed "lessening")

26  with new legislation.

27

28

24.    Furthermore, Penal Code Section § 1170.1.(a) Which Petitioner Was Sentenced Under States In Pertinent Part That:

"Except As Provided In Subdivisions (b) And (c), And Subject To Section 654, When Any Person Is Convicted Of Two Or More Felonies, Whether In The Same Proceeding Or Court Or In Different Proceedings Or Courts, And Whether By Judgement Rendered By The Same Or By A Different Court And A Consecutive Term Of Imprisonment Is Imposed Under Sections 669 And 1170, The Aggregate Term [Total] Of Imprisonment For <u>All</u> These Convictions Shall Be The Sum Of The Principal Term (In Petitioners Case Count One), The Subordinate Terms And Any Additional Term Imposed For Applicable Enhancements For Prior Convictions, Prior Prison Terms; And Section 12022........ "

"The Subordinate Term For Each Consecutive Offense Which Is <u>Not</u> A "Violent Felony", As Defined In Subdivision (c) Of Section 667.5, <u>Shall</u> Consist Of One Third Of The Middle Term Of Imprisonment Prescribed For Each Other Felony Conviction For An Offense That <u>Is Not A</u> Violent Felony For Which A Consecutive Term Of Imprisonment Is Imposed, And Shall <u>Exclude</u> Any Specific Enhancements".

In The Instant Case Petitioner Not Only Has Blatant Constitutional And State Law Violations, But There Is Also An Obvious Sentencing Error In That Petitioners Term Of Imprisonment For Each Consecutive Offense Which Were <u>Not</u> Violent Felonies [Counts Two Thru Seven]

1 As Defined In Subdivision (c) Of Section 667.5 And

2 Should Not Have Included Any Specific Enhancements Did

3 Include The Specific Enhancements Added To The Principal

4 Term In Plain Error Of Penal Code Section § 1170.1(a).

5       Petitioner Is Entitled To Relief Based On The

6 Herein Raised Claims One Thru Six And Request That Such

7 Relief Be Granted And That The Prior Felony Plea Conviction

8 Under Case No. CR134452 Be Vacated And/Or Stricken And

9 That Petitioner Be Remanded Under Case No. SCD123570 On

10 The Merits Of The Claims Herein For Resentencing, And

11 Further, Order A Show Of Cause Why Relief Should Not

12 Be Granted.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



S138459

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re JOHN F. KENDRICK on Habeas Corpus

Petition for writ of habeas corpus is DENIED.  (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
F I L E D

AUG 1 6 2006

Frederick K. Ohlrich Clerk

_____
DEPUTY

_____
GEORGE
Chief Justice

**FILED**

UNITED STATES COURT OF APPEALS

**DEC 6 2006**

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

JOHN F. KENDRICK, II,

        Petitioner,

   v.

ERNEST C. ROE, Warden,

        Respondent.

No. 06-74341

ORDER

Before:  LEAVY, GOULD and CLIFTON, Circuit Judges.

The application for authorization to file a second or successive 28 U.S.C.
§ 2254 habeas corpus petition in the district court is denied.  Petitioner has not
made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

    (A) the claim relies on a new rule of constitutional law, made retroactive to
    cases on collateral review by the Supreme Court, that was previously
    unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered
    previously through the exercise of due diligence; and (ii) the facts
    underlying the claim, if proven and viewed in light of the evidence as a
    whole, would be sufficient to establish by clear and convincing evidence
    that, but for constitutional error, no reasonable fact finder would have found
    the applicant guilty of the underlying offense.

No petition for rehearing or motion for reconsideration shall be filed or
entertained in this case.  *See* 28 U.S.C. § 2244(b)(3)(E).

MOATT

S155319

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re JOHN F. KENDRICK on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750.)

George, C. J., was absent and did not participate.

SUPREME COURT
FILED

JAN 3 0 2008

Frederick K. Ohlrich Clerk

_____
Deputy

BAXTER
_____
Acting Chief Justice